UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS D. JENSEN,<br><br>   Plaintiff,<br>   v.<br><br>EDWARD MASON, *et al.*,<br><br>   Defendants. | Case No. 3:19-cv-00178-MMD-CSD<br><br>ORDER |

## I.  SUMMARY

*Pro se* Plaintiff Thomas D. Jensen, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Edward Mason, John Cardella, and Victor Lobato.[1] (ECF No. 43.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 67), recommending the Court deny in part, and grant in part, Defendants' motion for summary judgment (ECF Nos. 60, 63-1 (errata) ("Motion")). Jensen filed a partial objection to the R&R (ECF No. 68 ("Objection")), and Defendants responded (ECF No. 69). Because the Court agrees with Judge Denney's analysis as to Defendants' Motion, the Court will adopt the R&R in full and overrule Jensen's Objection. Accordingly, the Court will deny in part, and grant in part, Defendants' Motion.

## II.  BACKGROUND

The Court incorporates by reference Judge Denney's recitation of Jensen's allegations in the first amended complaint (ECF No. 43 ("FAC")), provided in the R&R, which the Court adopts. (ECF No. 67 at 1-3.)

---

[1]The Court previously dismissed Defendants Damon Bell, William Gittere, Kristina Hayman, Sergio Paz, Harold Wickham, James Dzurenda, Isidro Baca, Brian Ward, and Lisa Walsh. (ECF Nos. 3, 49, 65.)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* as to the portion of the R&R Jensen objects to because Jensen timely filed his Objection. (ECF No. 68.)

### IV. DISCUSSION

Judge Denney recommends that Defendants' Motion be: (1) denied as to Defendants' failure to exhaust arguments; (2) denied as to Jensen's equal protection, First Amendment retaliation, and First Amendment Free Exercise Clause claims against Mason; (3) granted as to Jensen's First Amendment retaliation claim against Cardella; (4) denied as to Jensen's Eighth Amendment failure to protect claim against Lobato; (5) granted as to Jensen's First Amendment retaliation claim against Lobato; (6) denied as to Jensen's First Amendment legal mail claim against Lobato; and (7) denied as to Defendants' qualified immunity argument regarding Jensen's constitutional claims. (ECF No. 67 at 5-26.)

Jensen objects to just one recommendation—the granting of Defendants' Motion as to Jensen's First Amendment retaliation claim against Cardella. (*Id.* at 20-21.) Jensen essentially urges the Court to reject Judge Denney's recommendation in light of video evidence, a grievance report, a "notice of charges," and a fellow inmate's statement concerning an encounter between Cardella and Jensen. (ECF No. 68 at 2, 3-4.) Jensen claims that Cardella retaliated against him by bringing false charges against Jensen, shortly after Jensen had filed a grievance about discriminatory retaliation by co-defendant Mason. (ECF No. 67 at 20.) Jensen alleges that Cardella's false claims against him were "done in retaliation for the grievance against Mason, and in concert with Mason, to make it appear that [Jensen] was in a fight so there would be justification for [Jensen] not getting

the job in Prison Industries." (*Id.*)

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities as well as a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citing *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)). And "Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)). Such a claim consists of the following elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Judge Denney specifically recommends granting summary judgment as to Jensen's First Amendment retaliation claim against Cardella because "there is no evidence in the record to demonstrate that Cardella levied the charges against [Jensen] *because of* any protected conduct." (ECF No. 67 at 21.) Judge Denney concludes that "there is no evidence that Cardella knew about the grievance against Mason, and no actual evidence that Mason and Cardella were working in concert against [Jensen]." (*Id.*)

In his Objection, Jensen claims that Cardella had "had no problems" with him before he filed the grievance against Mason, Cardella's co-worker. (ECF No. 68 at 3.) Jensen also relies in part on a statement by a fellow inmate who was with Jensen when Cardella approached the men in June 2017. (*Id.* at 8.) The fellow inmate states that, during the encounter between Cardella and the two men, Cardella shifted his attention "thoroughly at Mr. Jensen . . . for the next 3-5 minutes." (*Id.*) Beyond this statement, Jensen proffers no additional evidence that Judge Denney has not already considered.

Considering the evidence in the light most favorable to Jensen, the Court is persuaded to accept Judge Denney's recommendation. Even considering the fellow inmate's statement, the Court agrees with Judge Denney's conclusion that there is no

evidence that satisfies all the elements of a First Amendment retaliation claim. That is, there is no evidence showing that Cardella had previously known about Jensen's grievance against Mason or that Cardella brought charges against Jensen precisely because Jensen had exercised his ability to file kites and grievances against Mason or other prison staff. (ECF No. 67 at 21.) And the fellow inmate's statement does not establish otherwise—the mere fact that Cardella shifted his attention to Jensen for 3-5 minutes does not establish that Cardella knew about Jensen's grievance against Mason or filed charges against him because Jensen had filed a grievance against Mason. (ECF No. 68 at 8.)

In sum, Jensen cannot establish the essential element of his First Amendment retaliation claim against Cardella, and Judge Denney correctly recommends the Court grant summary judgment as to this claim. Jensen's Objection does not persuade the Court to conclude otherwise. Jensen's Objection is thus overruled.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Jensen's objection (ECF No. 68) to the Report and Recommendation of United States Magistrate Judge Craig S. Denney is overruled as stated herein. The Report and Recommendation (ECF No. 67) is therefore accepted and adopted in full.

///

///

///

///

///

///

///

It is further ordered that Defendants' motion for summary judgment (ECF No. 60) is granted in part and denied in part. It is granted as to Jensen's First Amendment retaliation claims against Cardella and Lobato. It is otherwise denied.

It is further ordered that, pursuant to LR 16-5, the Court finds it appropriate to refer this case to Magistrate Judge Craig S. Denney to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date the settlement conference is held.

DATED THIS 4th Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE